Dealeriok, J.,
delivered the opinion of the court.
At the present term, judgments have been taken against Curry, late Sheriff of Shelby County, in favor of the clerk of this court, and in favor of the State,— for failure to return executions, — for costs and State and county taxes.
A question is now presented, whether, in the taxation of the costs of the judgments, the State tax upon suits should be included. In the case of the State v. Allison, 2 Swan, 373, where the Circuit Judge excluded the State tax from the bill of costs, upon appeal to this court it was held that a motion against a. sheriff for an insufficient return of an execution, was a suit or action; and that, under the act of *52 1848, oh. 161, sec. 10, which imposes a tax of $3.50-on each suit in the circuit court, this tax was properly a part of the bill of costs.
Code, sec. 551, provides that the unsuccessful party in every litigation in the courts of record shall pay a State tax. The act of 1870, 2d sess., eh. 26, sec. 1 (Thompson & Steger’s Statutes, sec. 553, a, sub-sees. 19-23), designates the rate of taxation, and specifies the kinds of litigation to be taxed:—
1. Original suits in any of the courts of law or equity.
2. Petitions for distribution of estates.
3. Appeals, writs of error, or of certiorari, to the supreme court.
4. Appeals or writs of certiorari from a justice of' the peace.
5. Upon each presentment or indictment.
We have repeatedly held that a motion is, in legal' effect, a suit or action; and in State v. Allison, it is. said to be a substitute for the common law action on the case. In Merritt v. Parks, 6 Hum., 333, the court said that the motion was, in substance, an action of debt. And so a motion is, and may be properly said to be, an action on the case, or an action of debt, in a proper ease for such form of action, and in a .tribunal having jurisdiction to try an original action of debt or case.
But the motion may be used, not merely as a substitute for an original suit of debt or ease, but as a means of enforcing the execution of a judgment already rendered. And it is upon this ground alone *53 -tbat this court claims the jurisdiction to render judgment against the sheriff for his failure to execute its process. Bank of Tenn. v. Cannon, 2 Heis., 428; State v. Bank of E. Tenn., 5 Sneed, 577. The jurisdiction of this court is appellate only; no original suit can be instituted in it. So that, when it is sought to use the motion as a substitute for an action of debt or ease in courts having original jurisdiction, it is then an original suit, in which the State tax may be properly included in the bill of costs. But where it is used only as incident to, and to effectuate, the appellate jurisdiction of this court, it is a proceeding in a cause pending in the court, to execute a judgment, and not an original or independent suit, and no State tax is chargeable in the costs upon the judgment by motion. In such case, it does not fall within the description of any one of the kinds of litigation upon which a State tax is imposed by the act of 1870, 2d sess., ch. 26, sec. 1 (see. 553, a, •of Thompson & Steger’s Statutes).
The result is, that, in making out the bills of costs in these several judgments, no State tax will be included in the bills of costs.
TueNBY and FreemaN, Judges, dissented from the above opinion.